IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CRANBERRY GROWERS COOPERATIVE,

            OPINION AND ORDER

      Plaintiff,

            19-cv-100-bbc

      v.

MAXWELL FOOD PRODUCTS PTY. LTD.,

      Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Cranberry Growers Cooperative has sued defendant Maxwell Food Products Pty. Ltd. to recover payment for the sale of three loads of sweetened dried cranberries that plaintiff sold to defendant. Plaintiff alleges that it contracted with defendant to sell seven loads of sweetened dried cranberries, and that defendant has refused to pay for the last three loads of cranberries shipped by plaintiff.

      The court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because the two parties are of diverse citizenship: plaintiff is a Wisconsin company and defendant is an Australian company. Now before the court is defendant's motion to dismiss the case on the grounds that (1) this court lacks personal jurisdiction over defendant and (2) plaintiff has failed to properly serve the complaint on defendant. Dkt. #5. I conclude that this court can exercise personal jurisdiction over defendant and that plaintiff has properly served defendant. Therefore, I will deny defendant's motion.

OPINION

A. <u>Personal Jurisdiction</u>

Federal courts may exercise personal jurisdiction over a nonresident defendant where a party would be amenable to suit (1) under the laws of the state where the federal court sits (typically under a state long-arm statute); and (2) where jurisdiction is consistent with the requirements of due process. <u>KM Enterprises, Inc. v. Global Traffic Technologies, Inc.</u>, 725 F.3d 718, 723 (7th Cir. 2013). If a defendant has such systematic and continuous contact with the forum that it might be regarded as at home there, the court can exercise general jurisdiction, meaning that the defendant would be subject to personal jurisdiction in that court for any claim. <u>Daimler AG v. Bauman</u>, 571 U.S. 117, 126–27 (2014). More limited contacts might support specific jurisdiction, meaning that a defendant would be subject to personal jurisdiction for claims related to its forum contacts. <u>Id.</u>

Plaintiff has the burden of establishing personal jurisdiction when a defendant challenges it. <u>Northern Grain Marketing, LLC v. Greving</u>, 743 F.3d 487, 491 (7th Cir. 2014). Where, as here, the issue is raised on a motion to dismiss, plaintiff need only make a prima facie showing of jurisdictional facts. <u>Purdue Research Foundation v. Sanofi-Synthelabo, S.A.</u>, 338 F.3d 773, 782 (7th Cir. 2003). Plaintiff does not contend that defendant is subject to general jurisdiction in Wisconsin, so I consider only whether Wisconsin law and constitutional due process requirements permits the exercise of specific jurisdiction.

Wisconsin's long-arm statute, Wis. Stat. § 801.05, has been interpreted to confer

jurisdiction "to the fullest extent allowed under the due process clause." Felland v. Clifton, 682 F.3d 665, 678 (7th Cir. 2012). Plaintiff contends that this court has personal jurisdiction over defendant under section § 801.05(5)(d), which extends personal jurisdiction in an action which "[r]elates to goods, documents of title, or other things of value shipped from this state by the plaintiff to the defendant on the defendant's order or direction." Here, plaintiff seeks payment of the money defendant owes for the cranberries that plaintiff shipped from Wisconsin to defendant pursuant to the parties' contract. Defendant effectively concedes that its contract with plaintiff brings it within the ambit of the long-arm statute. Dkt. #16 at 3. Therefore, I conclude that the statutory requirement is met and I turn to the constitutional inquiry.

The due process inquiry asks whether defendant has sufficient "minimum contacts" with Wisconsin, such that this suit "does not offend traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (internal quotation marks omitted). See also Illinois v. Hemi Group, LLC, 622 F.3d 754, 757 (7th Cir. 2010). The court considers whether "the defendant should reasonably anticipate being haled into court in the forum state, because the defendant has purposefully availed itself of the privilege of conducting activities there." Kinslow v. Pullara, 538 F.3d 687, 691 (7th Cir. 2008). The Court of Appeals for the Seventh Circuit has identified three essential requirements for finding the existence of minimum contacts: "(1) the defendant must have purposefully availed himself of the privilege of conducting business in the forum state or purposefully directed his activities at the state; (2) the alleged injury must have

3

arisen from the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with traditional notions of fair play and substantial justice." Felland, 682 F.3d at 673 (internal citations omitted). Defendant does not challenge the second factor, and I conclude that plaintiff's alleged injury arises out of defendant's contracting with plaintiff in Wisconsin. However, defendant contends that plaintiff cannot show that defendant purposely directed its activities at Wisconsin or that exercising jurisdiction would comport with traditional notions of fair play and substantial justice.

With respect to contract disputes, simply "contracting with an out-of-state party alone cannot establish automatically sufficient minimum contacts in the other party's home forum" to permit the exercise of personal jurisdiction. Purdue Research Foundation, 338 F.3d at 780. Instead, courts must conduct "a context-sensitive analysis of the contract, examining 'prior negotiations, contemplated future consequences, the terms of the contract, and the parties' course of actual dealing with each other.'" Northern Grain Marketing, 743 F.3d at 493 (citations omitted). Plaintiff has submitted evidence that the parties started discussions about a distributorship agreement in early 2017 and that they entered into a contract in February 2017. Defendant's representatives visited plaintiff's processing plants in Wisconsin in early 2017 to inspect plaintiff's products. Defendant visited plaintiff's processing facilities and cranberry bogs in Wisconsin again in September 2017. Defendant issued purchase orders to plaintiff in February and August 2017, which plaintiff fulfilled between February and November 2017.

I conclude that these contacts are sufficient to show that defendant purposefully

4

availed itself of the privilege of conducting business in Wisconsin and purposefully directed activities in Wisconsin. Defendant visited Wisconsin on more than one occasion for the purpose of doing business with plaintiff. Plaintiff and defendant engaged in numerous negotiations aimed at creating a prolonged, open-ended business relationship. This is precisely the kind of relationship most susceptible to the exercise of specific jurisdiction. <u>Daniel J. Hartwig Associates v. Kanner</u>, 913 F.2d 1213, 1219 (7th Cir. 1990) ("[W]here a defendant has created 'continuing obligations' between himself and the residents of the forum, he manifestly avails himself of the privilege of conducting business in that forum.").

The only remaining question is whether the exercise of personal jurisdiction over defendant would offend traditional notions of fair play and substantial justice. The burden is on the defendant to make a "compelling case" that exercising jurisdiction over it would be unreasonable. <u>Felland</u>, 682 F.3d at 677. Courts consider the following factors: (1) the burden on the defendant; (2) the forum state's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the several states in furthering fundamental substantive social policies. <u>Id.</u> (citations omitted).

In this instance, Wisconsin has an interest in adjudicating the dispute, and plaintiff has an interest in obtaining convenient and effective relief. However, defendant contends that litigating this dispute in Wisconsin would impose a significant burden on it because all of its facilities, directors and employees related to this action are located in Australia. In

5

addition, defendant has no offices in Wisconsin, does not engage in substantial business in Wisconsin, is not licensed to do business in Wisconsin and does not maintain a bank account in Wisconsin. Defendant's arguments are not persuasive. Defendant conducts business in Wisconsin and is equipped to litigate a simple breach of contract case here. In fact, defendant has been litigating this same dispute in the Western District of Wisconsin bankrupcty court and in this court. Maxwell Foods v. Cranberry Growers Cooperative, 18-cv-538-bbc (appeal dismissed on Feb. 12, 2019). Under the circumstances, I agree with plaintiffs that exercising personal jurisdiction over defendant comports with the requirements of due process.

B. Service

In its brief in support of its motion to dismiss, defendant argued that plaintiff had not served it properly in accordance with the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents. Dkt. #6 at 4. In response, plaintiff stated that it served defendant in accordance with the Hague Convention by arranging for personal service on defendant and service by mail. Dkt. #10 at 4. Plaintiff subsequently arranged for service using Hague Convention procedures by serving the Australian Attorney General's department. Dkt. #18. In its reply brief, defendant did not respond to plaintiff's arguments about service, making no mention whatsoever of its insufficient service argument. Defendant raises a new argument about choice of law, but that argument appears to be irrelevant to the questions raised in its original motion. Therefore, I conclude that defendant

has abandoned its argument regarding service of process.

ORDER

IT IS ORDERED that defendant Maxwell Food Products Pty. Ltd.'s motion to dismiss, dkt. #5, is DENIED.

Entered this 11th day of October, 2019.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge