IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CRANBERRY GROWERS COOPERATIVE,

                        Plaintiff,

    v.

MAXWELL FOOD PRODUCTS PTY. LTD.,

                        Defendant.

OPINION AND ORDER

19-cv-100-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Cranberry Growers Cooperative has sued defendant Maxwell Food Products Pty. Ltd. to recover payment for the sale of three loads of sweetened dried cranberries that plaintiff sold to defendant. Plaintiff alleges that it contracted with defendant to sell seven loads of sweetened dried cranberries, and that defendant has refused to pay for the last three loads of cranberries shipped by plaintiff. Defendant concedes that it did not pay plaintiff for three shipments of cranberries. However, defendant has filed a counterclaim, contending that plaintiff breached a contract to ship additional loads of cranberries, which meant that defendant had to purchase cranberries at a higher price from other suppliers. The court has subject matter jurisdiction under 28 U.S.C. § 1332(a).

      This is the second time that the parties' contract disputes have been before this court. In case number 18-cv-538-bbc, the court reviewed a decision of the bankruptcy court, concluding that defendant could not rely on plaintiff's alleged breach of Purchase Order 93 to recoup or setoff the amount defendant owed plaintiff under an earlier contract. Dkt. #9 in 18-cv-538-bbc. The bankruptcy court had concluded that the common law of recoupment

1

did not apply because the earlier contract and Purchase Order 93 were not part of a "single integrated transaction," and defendant was not entitled to a setoff because the two contracts did not arise prepetition and were not "mutual" obligations within the meaning of the bankruptcy code. Id. at 3-4. In that case the bankruptcy court's decision was upheld.

Plaintiff contends that because the bankruptcy court and this court rejected defendant's recoupment and setoff defenses previously, defendant's counterclaim for breach of contract must fail. Thus, plaintiff has filed a motion for judgment on the pleadings on the grounds of claim and issue preclusion. Plaintiff contends that this court should enter judgment in its favor on its breach of contract claim, and should dismiss defendant's contract claim. However, plaintiff has not shown that preclusionary rules bar defendant's counterclaim.

For claim or issue preclusion to apply, plaintiff would have to show that either the bankruptcy court or this court had already resolved defendant's breach of contract counterclaim, or at least resolved a claim based on the same operative facts. Bernstein v. Bankert, 733 F.3d 190, 225 (7th Cir. 2013) (issue preclusion "prevents litigants from re-litigating an issue that has already been decided in a previous judgment," and claim preclusion prevents relitigation of claims based on "same operative facts"). Plaintiff points out that defendant's recoupment and setoff defenses in the bankruptcy proceeding involved many of the same facts as defendant's breach of contract counterclaim in this case. However, the dispositive facts that were relevant to defendant's bankruptcy defenses are different from those relevant to defendant's breach of contract claim.

For defendant's recoupment defense, the bankruptcy court had to decide whether the off-setting transactions (the original contract and Purchase Order 93) were part of a single integrated transaction. Bankr. Order, dkt. #26-1, at 8 ("The key question for this Court to determine is if there is a genuine dispute of fact on whether the parties' obligations arose from the same transaction."). The bankruptcy court did not need to decide whether Purchase Order 93 constituted an enforceable contract that plaintiff breached, because it concluded that the obligations were not part of the same transaction. Similarly, the key facts underlying defendant's setoff defense in the bankruptcy proceeding were related to the timing of the parties' obligations, and not to the existence of the obligations themselves. For the setoff defense, the timing of the obligations was determinative. Id. at 13. Thus, the bankruptcy court did not need to determine whether the obligations existed in the first place.

Plaintiff argues that the bankruptcy court resolved the question whether Purchase Order 93 was binding and enforceable, and whether plaintiff breached it, but the bankruptcy court expressly avoided deciding these questions. Bankr. Order, dkt. #26-1, at 9 ("The parties dispute whether they finalized Purchase Order 93, but for purposes of summary judgment, the Court will assume upon execution Purchase Order 93 was binding and enforceable."); 26-1 at 12 ("Maxwell may still have a claim against CranGrow for breach of Purchase Order 93."). All of plaintiff's quotations from the bankruptcy court's decision relate to whether Purchase Order 93 was part of the same transaction as the original contract, not to whether Purchase Order 93 was a valid contract at all.

Similarly, in reviewing the bankruptcy court's decision, this court declined to resolve

the questions whether Purchase Order 93 was enforceable and whether plaintiff breached it. Dkt. #9 at 5, in 18-cv-538-bbc ("For purposes of summary judgment, both CranGrow and the bankruptcy court assumed that Purchase Order 93 was enforceable and that CranGrow owed Maxwell $110,100 as a result of CranGrow's failure to fulfill Purchase Order 93.") This court decided only whether the defendant's recoupment and setoff defenses had merit. It did not address defendant's breach of contract claim. Thus, to conclude that either the bankruptcy court's or this court's decision has preclusive effect on defendant's breach of contract claim would be unfair. Therefore, I will deny plaintiff's motion for judgment on the pleadings.

## ORDER

IT IS ORDERED that plaintiff Cranberry Growers Cooperative's motion for judgment on the pleadings and to dismiss defendant Maxwell Food Products Pty. Ltd.'s counterclaim, dkt. #25, is DENIED.

Entered this 1st day of April, 2020.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge